(No. 95-CV-0309-)

*In re* APPLICATION OF MARGARET GIVENS

*Order filed September 12, 1995.*
*Opinion filed April 27, 1998.*

MARGARET GIVENS, *pro se*, for Claimant.

JAMES E. RYAN, Attorney General (PAUL H. CHO and DONALD C. MCLAUGHLIN, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on June 30, 1994. Margaret Givens, mother of the deceased victim, Marvin Givens, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*.

This Court has carefully considered the application for benefits submitted on August 3, 1994, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on July 30, 1994, the victim was fatally shot, allegedly by an offender who was known to him. The incident occurred at 223 West 111th Place, Chicago, Illinois. Police investigation revealed that prior to the incident, the victim and the alleged offender were involved in an egg

fight which escalated to a fist fight. During this altercation, the victim produced a knife and stabbed the alleged offender in the back. The offender then left the scene but quickly returned, armed with a handgun. The alleged offender then shot the victim. The alleged offender has been apprehended and charged with first degree murder. The criminal proceedings against him are currently pending.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim and the alleged offender were involved in an egg fight which escalated to a fist fight. During this altercation, the victim stabbed the alleged offender in the back. The alleged offender left only to return moments later and shoot the victim.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

MITCHELL, J.

This claim arises out of an incident that occurred on June 30, 1994. Margaret Givens, mother of the deceased

victim, Marvin Givens, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq.*

On September 12, 1995, the Court entered an order denying the claim based on the investigatory report. Claimant made a timely request for a hearing. The cause was tried before Commissioner Sternik.

The testimony, police reports, and investigatory report all indicate that the victim, Marvin Givens, was killed by an offender that knew him on July 30, 1994. The victim and neighborhood young men were involved in an egg fight over two days. The participants agreed to change to water balloons but someone threw an egg at Marvin Givens. A fight ensued and the victim ended up cutting the offender with a knife and leaving a superficial wound in the offender's back. Shortly thereafter, the offender obtained a gun and shot the victim in the chest. The victim was found in the alley.

The only testimony presented at the hearing was the testimony of Claimant, Margaret Givens, the mother of the victim. She did not witness the incident and only relayed hearsay testimony that her son had stopped fighting and was at home in bed. However, the undisputed evidence was that the shooting occurred in the alley at 223 W. 111th Place, Chicago, Illinois, and not in the bedroom.

The Claimant has the burden of proving by a preponderance of the evidence that she has met all conditions precedent for an award under the Act. Section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct may have directly or indirectly contributed to the injury or death of the victim. While it is clear the offender

murdered the victim, it is also clear that the conduct of the victim contributed to his death. The victim started the fighting and drew and used a knife against the offender. Even though time passed and the offender was not justified under the criminal law in shooting the victim, the victim's acts are significant enough to completely deny an award under the Act.

While the death of the victim is tragic, we find that Claimant has failed to prove her entitlement to an award under the Act. Claimant has failed to prove that she has met all conditions precedent for an award under the Act. The victim's act of cutting the offender with a knife contributed to the victim's death to such an extent that an award must be denied.

For the foregoing reasons, it is the order of the Court that Claimant's claim be and hereby is denied.